13202.   RICH *et al.* *v.* BRINSON CONSOLIDATED SCHOOL DISTRICT
*et al.*

STEPHENS, J.   1. The notice which the Civil Code (1910), § 445, requires to be given to the solicitor-general by the officers charged by law with the duty of declaring the result of an election held by any county, municipality, or division for the purpose of incurring any bonded indebtedness as therein provided, must be served upon the solicitor-general in the manner therein prescribed and within the time therein specified, and should notify him that an election for the issuance of bonds was held in the county, municipality, or division, and that the election was in favor of the issuance of such bonds; and it is not necessary to the validity of such notice that a copy of the resolution authorizing the election be incorporated in the notice or attached thereto; and where a notice of an election held for the purpose of incurring a bonded indebtedness by a political division of this State was properly served upon the solicitor-general and gave to that officer the necessary notice required by law, and had attached thereto what purported to be a true and correct copy of the resolution passed by the proper authorities ordering the election, and which copy was referred to in the notice given to the solicitor-general, it was not error, upon the hearing of an intervention to the proceeding to validate the bonds authorized by the election, for the trial judge, over the objection of the intervenors, to allow the officers giving the notice to amend it by withdrawing or striking the attached copy of the resolution authorizing the election and substituting in lieu thereof another copy, alleged to be a true and correct copy of the resolution authorizing the election.

2. Since a party may at any time amend his petition where there is enough to amend by, it was not error for the judge of the superior court to allow the solicitor-general to amend his petition praying for the validation of the bonds, by striking therefrom a copy of a resolution attached thereto purporting to be a true and correct copy of the resolution authorizing the election, and substituting in lieu thereof an alleged true and correct copy of the resolution authorizing the election.

3. The amendments having met the grounds of the demurrers filed by the intervenors to the petition, the demurrers were properly overruled.
                    *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
                              DECIDED MAY 6, 1922.

Validation of schoolhouse bonds; from Decatur superior court — Judge R. C. Bell. December 12, 1921.

Application for certiorari was denied by the Supreme Court.

*W. V. Custer,* for plaintiffs in error.

*B. C. Gardner, Hartsfield & Conger,* contra.